SAYLE *et al. v.* DENMAN.[*]

(Division A.   Nov. 21, 1927.)

[114 So. 615.   No. 26616.]

WILLS.   *Provision, charging daughter with note testator indorsed, held ineffective after note was paid from proceeds of trust deed superior to testator's.*

Testator indorsed one thousand eight hundred dollars note executed by daughter's husband and his mother. After execution of will, makers borrowed two thousand five hundred dollars on trust deed on lands sold them by testator and paid note and executed subsequent trust deed to testator securing purchase-money notes. After testator's death, makers conveyed land to estate which assumed two thousand five hundred dollar note. *Held,* provision in will charging daughter with amount of eighteen hundred dollar note was ineffective thereafter.

[*]Corpus Juris-Cyc. References: Wills, 40Cyc, p. 2067, n. 87 New.

APPEAL from chancery court of Tallahatchie county. HON. HARVEY McGEHEE, Chancellor.

Petition by W. E. Denman, executor of the estate of T. J. Denham, deceased, against Ada Olivia Sayle and others, for an order directing sale and distribution of personal property in his hands and for partition of real property. From the decree, defendants appeal. Reversed and remanded.

*David C. Moore* and *Poston & Polk,* for appellants.

I.   Where a testator creates a charge against the share of one of his devisees on the assumption that the testator is to pay an obligation of said devisee, and said devisee subsequently pays said obligation, the payment of said obligation by said devisee vitiates the charge against the share of said devisee. *Howe* v. *Howe,* 184 Mass. 34; *Legett* v. *Davison,* 131 Mich. 77.

An examination of the will of Dr. T. J. Denman will impress the court at once that the testator intended to treat all of his children equally under his will. At the time the will was executed Dr. Denman was an endorser and guarantor on a note executed by his son-in-law, E. M. Sayle, husband of Ada Olivia Sayle, in the amount of eighteen hundred dollars held by Tallahatchie Home Bank. Dr. Denman obviously expected to have to pay the said note and for that reason made said amount a charge against the share of his daughter, Ada Olivia. But contrary to Dr. T. J. Denman's obvious expectations, the debt at the Tallahatchie Home Bank was paid by E. M. Sayle prior to the death of the testator. We therefore urge that inasmuch as E. M. Sayle paid the debt and freed Dr. T. J. Denman of his liability on the note, that the charge against the share of Ada Olivia Sayle was wiped out. *Legett* v. *Davison, supra; Howe* v. *Howe, supra.*

The foregoing cases are authority for the proposition that where a testator has created a charge against one of his devisees on the assumption that he, the testator, will be forced to pay an obligation of said devisee, and where said devisee subsequently pays off said obligation and releases said testator from paying off said obligation, the charge created against said devisee is thereby wiped out.

The above proposition of law would apply had there never been a reconveyance to the estate and an assumption by the estate of the encumbrance placed on the land by E. M. Sayle. And the effect of said conveyance back for the consideration recited in said conveyance was un-

questionably to wipe out the charge created against the estate of Ada Olivia Sayle, thereby placing her on an equal footing with the other heirs and devisees of T. J. Denman.

II.    Where the grantees in a deed assume an existing obligation against the land covered by the deed as a part of the consideration, they become personally and primarily liable for the obligation assumed and the original debtor becomes liable as surety. *Lee* v. *Newman,* 55 Miss. 365.; *Barnes* v. *Jones,* 111 Miss. 337; *Merriman* v. *Parke,* 136 Tenn. 645; 1 Williston on Contracts, sec. 382; 41 C. J. 721, Mortgage, sec.. 764; 41 C. J. 755, Mortgage, sec. 828.

III.    Where the grantees in a deed are not named but are referred to as a class of persons whose identity can be established, the designation. of said grantees is ufficient. *Portage City Bank* v. *Plank,* 141 Wis. 653, 124 N. W. 1000; 136 A. S. R. 62; 18 Ann. Cas. 869; *Black* v. *Brown,* 129 Ark. 270, 195 S. W. 673; *Cook* v. *Sinnamon,* 47 Ill. 214.

*Richard Denman,* for appellee.

As to whether it was the intention of the testator that the amount due the Tallahatchie Home Bank by Ervin M. Sayle and his mother, Mrs. E. D. Sayle, should be charged against the interest of the appellant in his estate, nothing could be clearer from consideration of the will, than that the testator realized that he would have to pay the debt to the Tallahatchie Home Bank himself or that his estate would have to assume the burden and in this he was correct, as a reading of the record will disclose.

We take it that it is not contended that the testator did not have a legal right to make the charge against the interest of the legatee the appellant herein.    If that should be the idea of counsel for appellant we cite the

following from this court. *Barnett* v. *Stewart,* 1 Miss. Dec. 342; *Norfleet* v. *Callicott,* 90 Miss. 221. Also 40 Cyc. 1924 (3).

The terms of the deed are clear and simple and we submit that the court was correct in refusing parol testimony to alter the terms of said deed. A parol agreement cannot be admitted for the purpose of contradicting or altering the terms of a written agreement. *Newman* v. *Meek,* Freem. Ch. 441; *McFarland* v. *Randle,* 41 Miss. 411; *Coats & Sons* v. *Bacon & Son,* 77 Miss. 320.; *Hightower* v. *Henry,* 85 Miss. 476, 37 So. 745.

The real question to be decided is whether the debt owed at the Tallahatchie Home Bank by the appellant's husband and his mother Mrs. E. D. Sayle, on which the testator, T. J. Denman was endorser, was in fact paid by the appellant, her husband Ervin M. Sayle or his mother Mrs. E. D. Sayle.

We most seriously insist that the Howe and Legett cases cited by appellant are not in point with the instant case, for the reason that the debt charged by the testator against the devisee who is the appellant herein was in effect, and as a matter of fact, paid out of money borrowed by the debtors for which a trust deed was given against the lands the testator had sold to Ervin M. Sayle and his mother Mrs. E. D. Sayle and for which they owed him at his death the sum of four hundred ninety dollars. It must be remembered that this amount or any part of it was never paid either to the testator or to his estate and that the amount due the Netherlands American Bank and the Guaranty Bank & Trust Company of Memphis, Tenn., is a charge against the estate of the testator, and his estate had to assume the debt or suffer the loss of all equity in the lands conveyed, since the grantees Ervin M. Sayle, Mrs. E. D. Sayle and the appellant herein had failed and neglected to meet the payment of the notes when due as admitted in the testimony of Ervin M. Sayle.

We are at a loss to understand how it can be seriously contended by appellant that because the note on which

the testator was an endorser was paid with money obtained by a loan on land to which the testator waived his vendor's lien, the testator's equity amounting to practically the full value of the land, could as a matter of law or fact amount to relief of liability for the settlement of the debt by the testator or his estate. The truth is that the debt did fall upon the estate of the testator just as he must have anticipated because of the fact that the original debtors failed and refused to pay the loan when it fell due after the death of the testator. The appellant's husband and mother borrowed and spent the money, which debt is being paid by the estate of the testator, yet the appellant contends that the court erred in charging her interest with the debt as provided for in the will.

Argued orally by *S. W. Polk*, for appellant, and by *Richard Denman*, for appellee.

SMITH, C. J., delivered the opinion of the court.

W. E. Denman, executor of the estate of T. J. Denman, deceased, filed a petition in the court below setting forth, in effect, that he had discharged all the duties incumbent upon him as executor, praying for a construction of certain provisions of the will not here in controversy, the approval of certain expenditures made by him, for an order directing the sale and distribution of the personal property in his hands, and for the partition among the devisees of the real property of which the testator died seized and possessed. The only two items of the will here material are as follows:

Item 5: "It is my will and I desire that all of my property both real and personal shall be divided at the death of my wife, Ada Elizabeth Denman, among my children share and share alike, to-wit: William E. Denman, Mrs. Mary E. Hey, Richard Denman, Mrs. Jennie

L. Seale, Clyde W. Denman, Mrs. Ada Olivia Sayle, Kenneth A. Denman, and Edwin L. Denman.''

Item 6: ''It is my will and I desire that in the division of my estate among my above mentioned children that the interest of my daughter, Mrs. Ada Olivia Sayle, shall be charged up with the amount of money due the Tallahatchie Home Bank by her husband, Ervin M. Sayle, and his mother, Mrs. Estelle D. Sayle, and for which I have endorsed and guaranteed the payment to the Tallahatchie Home Bank.''

The testator's wife died before he did. The executor is the William E. Denman referred to in item 5, and the other devisees therein were made parties defendant hereto, all of whom are over twenty-one years of age.

The petition was answered only by Mrs. Ada Olivia Sayle, who made her answer a cross-bill, setting forth that the notes executed by her husband, Ervin M. Sayle, and his mother, Mrs. Estelle D. Sayle, to the Tallahatchie Home Bank, referred to in item 6 of the testator's will, had been paid, and that consequently she should not be charged therewith in the distribution of the testator's estate. The necessity for this cross-bill does not appear, as the petition contains no allegation or prayer seeking to charge Mrs. Sayle with anything under item 6 of the will. The record contains no answer to this cross-bill, though the decree rendered recites that an answer thereto was filed.

The case was heard on the pleadings and proof, resulting in a decree awarding a partition of the land, but charging Ada Olivia Sayle's portion thereof with two thousand eight hundred fifty dollars under item 6 of the testator's will. Mrs. Sayle has brought the case to this court, and complains only of the charge against her of the two thousand eight hundred fifty dollars. This opinion will be limited strictly thereto, and will deal only with the points presented by the briefs of counsel.

Three reasons are presented by counsel for the appellant for the reversal of the decree in so far as it charges

the appellant with the payment of two thousand eight hundred fifty dollars: (1) The petition contains no allegation or prayer submitting any liability of the appellant to account to the executor for any sum of money under the provision of item 6 of the will; (2) the debt evidenced by the note referred to in item 6 of the will has been paid; but, if not, then (3) the executor and the devisees under the will are estopped from claiming the benefit of item 6 of the will.

The first of these contentions is obviously well taken, but we will not limit this opinion thereto.

It appears from the appellants' cross-bill and the evidence in support and denial thereof, that prior to his death the testator sold eighty acres of the land here in question to the appellant's husband, Ervin M. Sayle, and his mother, Estelle D. Sayle, for the sum of six thousand dollars, two thousand dollars of which was paid in cash, and eight promissory notes for five hundred dollars each were given for the balance, the last of the notes maturing on December 1, 1926. After the purchase of this land, Ervin M. Sayle and his mother, Mrs. Estelle D. Sayle, borrowed one thousand eight hundred dollars from the Tallahatchie Home Bank, executing to it a promissory note therefor indorsed by the testator, but not otherwise secured, which note is the one referred to in item 6 of the will. Afterwards, and subsequent to the execution of the will, the testator released his vendor's lien on the land sold by him to the Sayles securing the promissory notes executed by them therefor, none of which had been paid, and E. M. Sayle and Mrs. E. D. Sayle borrowed two thousand five hundred dollars from the Netherlands American Mortgage Company and two hundred fifty dollars from the Guaranty Bank & Trust Company, executing to each of them a deed of trust on the land. The two hundred fifty dollars covered commission for negotiating the loan, and a sufficient amount of the two thousand five hundred dollars was applied to the payment of the note due by the Sayles to the Talla-

hatchie Home Bank, referred to in item 6 of the will. The Sayles then executed and delivered to the testator a deed of trust on the land securing the notes executed by them to him therefor. After the death of the testator, none of the notes executed by the Sayles to him for the land having been paid, an agreement was entered into between the Sayles and the other parties in interest, pursuant to which the Sayles executed a deed conveying the land "to the estate of T. J. Denman, deceased;" the consideration therefor being the surrender of the notes executed by the Sayles to the testator for the land when it was purchased by them from him, "and for the further consideration of the estate of T. J. Denman, deceased, assuming the payment of a principal note for two thousand five hundred dollars, due January 1, 1923, together with all interest notes due by the grantors herein to the Netherlands American Mortgage Company secured by trust deed on the hereinafter described lands: . . . also two hundred fifty dollars due by the grantors to the Guaranty Bank & Trust Company, Memphis, Tenn., secured by a trust deed on the hereinafter described land."

Parol evidence was introduced by the appellants to the effect that when this deed was executed it was agreed by all parties in interest that item 6 of the will was thereby satisfied, and by the appellee, in denial thereof. Both the competency of this evidence and its effect, if competent, will be left out of view, as it will be unnecessary for us to pass thereon.

The land described in the deed from the testator to the Sayles, and from the Sayles "to the estate of T. J. Denman, deceased," is included in that of which the petition prays for a partition, and is also included in that of which the court below awarded a partition.

It is, of course, beyond question that the note executed by the Sayles to the Tallahatchie Home Bank was paid, and the liability of the testator as indorser thereon, was discharged, but the appellee's contention is that the debt evidenced thereby remained in existence, being carried

into and constituting a part of the notes executed by the Sayles to the Netherlands American Mortgage Company and the Guaranty Bank & Trust Company, and that the testator's liability for the payment thereof, for all' practical purposes, continued in effect, for the reason that he would have to pay these notes in order to protect his subsequent deed of trust on the land securing the notes executed to him by the Sayles therefor.

We may assume, for the sake of the argument, that item 6 of the will would apply in event the testator, his executor, or devisees had purchased the notes from the Netherlands American Mortgage Company and the Guaranty Bank & Trust Company in order to protect the testator's subsequent deed of trust, and then foreclosed all three of the deeds of trust, the land selling for an amount insufficient to pay all of the notes secured thereby, resulting in a loss to the testator's estate, but none of these facts exist, and they cannot now be brought into existence, because of the deed executed by the Sayles "to the estate of T. J. Denman, deceased."

This deed is said by counsel both for the appellant and the appellee to be valid, and we will so assume for the purpose of the argument, whether the title to the land was placed thereby in the executor or in the devisees being immaterial. A part of the consideration for this deed was the payment by the estate of T. J. Denman, deceased, to the benefit of which estate item 6 of the will inures, of the notes due by the Sayles to the Netherlands American Mortgage Company and the Guaranty Bank & Trust Company. In event these notes are not paid and the Sayles should be called on by the holders thereof to pay them, the grantee in the deed, assuming it to be valid, would be liable to the Sayles therefor. So that, in so far as any effect these notes can have on item 6 of the will, they must be dealt with as if they had been paid. If the consideration for the deed had been the surrender of the notes due by the Sayles to the testator, and two thousand seven hundred fifty dollars in cash, and the

Sayles had then applied this money to the payment of the notes due the Netherlands American Mortgage Company and the Guaranty Bank & Trust Company, then item 6 of the will would undoubtedly have become thereby ineffective. What difference in this respect can there be between the payment by the grantee of the money with which the grantors discharged these notes, and an agreement by the grantee to pay the money direct to the holders of the notes? It may be that one of the inducements for the grantee's promise to pay these notes was that the testator's prior lien on the land would be thereby preserved, but the consideration to the grantors was the payment of the notes, thereby extinguishing their liability thereon.

The decree of the court below will be reversed in so far as it charges the appellants with the payment to W. E. Denman, executor, of two thousand eight hundred fifty dollars, and the cause will be remanded.

*Reversed and remanded.*